Charlotte **NUGENT**, Plaintiff–Appellant,

v.

**ST. LUKES–ROOSEVELT HOSPITAL CENTER,** Continuum Health Partners, Inc., Addiction Institute of New York, formerly known as Smithers Alcoholism Treatment and Training Center, and Kevin Heaney, individually and in his official capacity, Defendants–Appellees,

John Does 1–10, Defendants.

No. 07–2198–cv.

United States Court of Appeals, Second Circuit.

Dec. 22, 2008.

Susan Adler, Esq., New York, NY, for Plaintiff–Appellant.

Rory J. McEvoy, Esq., New York, NY, for Defendant–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Charlotte Nugent appeals from a judgment of the United States District Court for the Southern District of New York (Francis, M.J.) in favor of defendants following cross-motions for summary judgment. On appeal, Nugent argues that genuine issues of material fact with regard to her employment and disability discrimination claims should have precluded summary judgment in defendants' favor. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

A. With regard to her Title VII employment discrimination claims, Nugent alleges that she was (1) retaliated against, (2) made to suffer a hostile work environment, and (3) constructively discharged.

(1) Retaliation: Nugent argues that she introduced evidence creating a genuine issue of material fact regarding the causal connection between complaints she made about her supervisor, Kevin Heaney, and adverse employment actions she later suffered. Nugent cites a letter of complaint prepared by another employee who wrote that Heaney had "implied that it would be difficult to work with the two counselors [who had complained about him] from now on because of this." However, the vague and conclusory statement in the letter as to the employee's interpretation of Heaney's unspecified comment is insufficient to establish a material issue of fact as to causation. *See Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 452 (2d Cir.1999).

(2) Hostile work environment: Nugent argues that the evidence raised a question of fact regarding hostile working conditions. She cites derogatory language used by Heaney, dismissive comments by management regarding Heaney's behavior, Heaney's "attempts to create a paper trail," and his intense scrutiny of Nugent.

■ "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Even when viewed in the light most favorable to Nugent, the conduct she has identified is insufficiently severe and pervasive under that standard.

■ (3) Constructive discharge: "[A]n employee is constructively discharged when [her] employer, rather than dis-charging [her] directly, intentionally creates a work atmosphere so intolerable that [she] is forced to quit involuntarily." *Petrosino v. Bell Atl.,* 385 F.3d 210, 229 (2d Cir.2004) (internal quotation marks omitted). Nugent argues that the Supreme Court's decision in *Pennsylvania State Police v. Suders,* 542 U.S. 129, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004), removed the intent element and adopts an objective test that looks only at whether a reasonable person in the employee's position would have felt compelled to resign. However, the District Court's decision did not require a showing of mens rea. The District Court considered Nugent's evidence—the reprimands, written warnings, and suspension she received, and the psychological harm she claims she suffered as a result—and concluded that it was insufficient to support a finding that a reasonable person in her situation would have felt compelled to resign. Accordingly, even if she is correct that the Supreme Court has removed the intent element of the constructive discharge standard, Nugent introduced insufficient evidence to survive summary judgment.

Nugent also argues that defendants' explanations for her warnings and suspensions were pretextual. But the issue of pretext is reached only if a plaintiff first makes out a prima facie case of employment discrimination. *See generally McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because Nugent has not made out a prima facie case of employment discrimination, the legitimacy of defendant's explanations for disciplining Nugent are not at issue.

B. With regard to the disability discrimination claims, federal regulations contemplate an "informal, interactive process" involving employer and employee to identify a reasonable accommodation. 29 C.F.R.

§ 1630.2($o$)(3). An employee who is responsible for the breakdown of that interactive process may not recover for a failure to accommodate. Nugent argues that a genuine issue of material fact exists regarding her responsibility for the breakdown in the interactive process for determining an appropriate accommodation. But her employer was receptive to her proposed accommodation, which depended on her making further arrangements that she never made. Nugent approached Heaney and asked whether she could bring in an ADHD expert to help her with paperwork-related problems, and Heaney agreed. In her deposition testimony, Nugent admitted that she did not follow up or try to bring in such an expert. Her affidavit in opposition to defendants' summary judgment motion averred that she tried repeatedly to follow up with Heaney but that he always brushed her off. But the District Court properly relied on the rule that "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dep't of Corrections,* 84 F.3d 614, 619 (2d Cir. 1996). And because the evidence showed that Nugent was responsible for the breakdown in the process, the District Court held that she could not meet her burden to prove "that an accommodation exists that permits her to perform the job's essential functions." *See Borkowski v. Valley Cent. Sch. Dist.,* 63 F.3d 131, 138 (2d Cir.1995).

■ Nugent argues that even if she failed to follow up with Heaney, his failure to take any affirmative steps once she'd suggested an accommodation raises a question of fact as to who was responsible for the breakdown in the interactive process. But Nugent has cited no law in support of her position. This Circuit has said that when an employee on leave requests an accommodation, that request "triggers a duty on the part of the employer to investigate that request and determine its feasibility." *Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 185 (2d Cir. 2006) (internal quotations and citations omitted). But aside from the fact that Nugent was not on leave when she made her request, the record clearly shows that Heaney agreed to the accommodation; its failure to come to pass was attributable to Nugent's own failure to bring the ADHD expert to the hospital.[1] Nugent's argument that she was not responsible for the breakdown in the interactive process is therefore unavailing, and the District Court's grant of summary judgment on this issue must be affirmed.

Accordingly, we hereby **AFFIRM** the judgment of the District Court.

---

1. Nugent also failed to provide Heaney with any contact information for the expert, which would have allowed him to schedule a meeting with the ADHD expert directly.